# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                            Case No.06-Cr-61

FERNANDO ADAME,
ADELSIR BARRETO SOARES and
HUMBERTO BRANDA FILHO
 a/k/a HUMBERTO BRANDA,

    Defendants.

## DECISION AND ORDER REGARDING SEVERANCE MOTION

### NATURE OF THE CASE

On March 21, 2006, the federal grand jury in this district returned a three-count indictment against defendant Fernando Adame. On April 18, 2006, a superseding indictment was returned. On June 20, 2006, the grand jury returned a second superseding indictment against defendants Adame, Adelsir Barreto Soares and Humberto Branda Filho, a/k/a Humberto Branda charging them with conspiring to possess with intent to unlawfully use five or more identification documents which were not issued lawfully for the use of the possessor, in violation of 18 U.S.C. § 1028(f) and 2. Count Two charges defendants Adame and Soares "for the purpose of private financial gain," with "knowingly and in reckless disregard of the fact that [the identified alien], an alien, remained in the United States in violation of the law, did transport [the identified alien] within the United States in furtherance of such violation of the law." Count Three charges defendants Adame and Filho with a similar offense involving another alien.

On August 7, 2006, defendant Adame filed a motion to sever his trial from the trials of his co-defendants. The government opposes the motion which will be addressed herein.

## **MOTION TO SEVER**

Defendant Adame (defendant) moves for severance of his trial based on three grounds: 1) the alleged antagonistic defenses of co-defendants, 2) the likelihood of jury confusion in separating out the evidence, and 3) the admission of a co-defendant's statement implicating the defendant.

The government opposes the motion, asserting that the defendant has failed to make a sufficient showing of antagonistic defenses and that the jury can be instructed to keep the evidence relevant to each defendant separate. The government acknowledges that co-defendant Filho gave an inculpatory statement in which he also implicates the defendant. The government states that the statement can be redacted to exclude any obvious reference to the defendant. The government further states that it does not plan to offer the portion of defendant Filho's statement wherein he references "Fernando . . . a Hispanic male in Chicago, who would help the individuals get Wisconsin drivers' licenses. (Government's Response to Motion to Sever [Government's Response] at 8).

At the outset, the court notes that it is well-established that when two or more defendants are charged in a single indictment, Rule 8(b) governs the joinder of defendants and offenses. United States v. Cyprian, 23 F.3d 1189, 1193 (7th Cir. 1994). Rule 8(b) provides that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Moreover, "[t]here is a preference

- 2 -

Case 2:06-cr-00061-JPS   Filed 08/25/06   Page 2 of 8   Document 80

in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 538 (1993).

Here, the defendants are charged together in a three-count indictment. Under the circumstances, joinder of these defendants under Rule 8 is appropriate.

When defendants have been properly joined under Rule 8(b), the court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. A defendant must show that denial of severance caused him actual prejudice that deprived him of his right to a fair trial. United States v. Rollins, 301 F.3d 511, 518 (7th Cir. 2002) (citations omitted).

The defendant maintains that the defendants in this case have antagonistic defenses. Mutually antagonistic defenses are not prejudicial per se. Zafiro, 506 U.S. at 538; United States v. Rivera, 6 F.3d 431, 438 (7th Cir. 1993). Mutually antagonistic defenses occur "where acceptance of one defendant's position precludes the acquittal of the other defendant." United States v. Turk, 870 F.2d 1304, 1306 (7th Cir. 1989).

Severance on the basis of antagonistic defenses should only be granted if the defenses conflict to the point of being irreconcilable and mutually exclusive. United States v. Hasting, 739 F.2d 1269, 1274 (7th Cir. 1984). It is not enough for a defendant to show the "mere presence of hostility among defendants or the desire of one to exculpate himself by inculpating another." United States v. Hendrix, 752 F.2d 1226, 1232 (7th Cir.1985); see also, United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir. 1987) ("finger-pointing" is an acceptable cost of joint trials and at times is even beneficial because it helps complete the picture before the trier of fact).

- 3 -

> As explained in United States v. Mazzanti, 888 F.2d 1165, 1172 (7th Cir. 1989):
>
> 'Unless the defenses are so inconsistent that the **making** of a defense by one party will lead to an unjustifiable inference of another's guilt, or unless the acceptance of a defense **precludes** acquittal of the other defendants, it is not necessary to hold separate trials.' United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir.), cert. denied, 484 U.S. 815 (1987).

(Emphasis in original.) Mere inconsistency alone is insufficient to find co-defendants' defenses mutually antagonistic. Mazzanti, 888 F.2d at 1172. Moreover, even if there is a risk of prejudice, a judge must determine whether it is the type of prejudice which can be cured with limiting instructions to the jury. United States v. Richardson, 130 F.3d 765, 777 (7th Cir. 1997), vacated in part on other grounds, 526 U.S. 813 (1999).

The defendant has not established that his defenses will be irreconcilable with and mutually exclusive from that of his co-defendants. Rather, it appears that, at best, there might be simple blame-shifting. See Rivera, 6 F.3d at 438. "Simple blame-shifting does not necessarily 'prevent a jury from making a reliable judgment about guilt or innocence.'" United States v. Goines, 988 F.2d 750, 781 (7th Cir. 1993) (quoting Zafiro, 506 U. S. at 538); see also, Rivera, 6 F3d at 438. Therefore, the defendant has not established a basis for severance based on allegedly antagonistic defenses.

The defendant contends that the court should consider the likelihood of jury confusion in separating out the evidence. To the extent the defendant is claiming that there is a disparity in the evidence against the defendants, "a simple 'disparity in the evidence' will not suffice to support a motion for severance - i.e., it does not independently establish "actual prejudice.'" United States v. Caliendo, 910 F.2d 429, 438 (7th Cir. 1990).

To succeed on a claim of prejudice due to disparities in the evidence, a criminal defendant must rebut the presumptions that a jury will: 1) capably sort through the evidence

and 2) follow instructions from the court to consider each defendant separately. United States v. Edwards, 36 F.3d 639, 647 (7th Cir. 1994); United States v. Lopez, 6 F.3d 1281, 1286 (7th Cir. 1993); United States v. Smith, 995 F.2d 662, 671 (7th Cir. 1993). "Mere speculation of 'spill over guilt' is not enough to rebut these twin presumptions." Lopez, 6 F.3d at 1286 (citing United States v. Doerr, 886 F.2d 944, 972 [7th Cir. 1989]). The general rule is that where a variance of culpability and disparity of evidence between defendants exists, other less drastic alternatives to severance should first be explored. United States v. Papia, 560 F.2d 827, 837 (7th Cir. 1977). The court generally handles differing evidence between defendants through limiting instructions. See United States v. Arvanitis, 676 F.Supp. 840, 847 (N.D. Ill. 1987).

In this case, the defendant has not shown that he will suffer actual prejudice if he is tried together with his co-defendants. Furthermore, he has not established that the jury would not be able to sort through the evidence appropriately or follow any limiting instructions of the court. Accordingly, the defendant has not established a basis for severance on this ground.

Finally, the defendant raises a Bruton[1] issue, alleging that a co-defendant gave an inculpatory statement which also implicates him. In Bruton, 391 U.S. at 127-28, the court held that admission of a co-defendant's confession inculpating the defendant at a joint trial where the co-defendant does not testify, and therefore cannot be cross-examined, violates a defendant's Sixth Amendment right to confrontation. In Richardson v. Marsh, 481 U.S. 200, 211 n. 5, (1987), the Court held that the confrontation clause is not violated when a co-defendant's confession is redacted to omit any references to the defendant and the court gives a proper limiting instruction. The court of appeals for this circuit has specifically held that "the

---

[1] United States v. Bruton, 391 U.S. 123 (1968).

replacement of defendants' names with references such as 'another person,' combined with an instruction to consider the confession only against the declarant satisfies Bruton." United States v. Gio, 7 F.3d 1279, 1287 (7th Cir. 1993) (quoting United States v. Strickland, 935 F.2d 822, 866 [7th Cir.] cert. denied 502 U.S. 917 [1991]).

Here, the government states that it "does not expect" to offer that portion of the statement of a co-defendant mentioning "Fernando . . . a Hispanic male in Chicago." (Government's Response at 8). It further asserts that if defendant Filho proceeds to trial, his post-arrest statement can be properly redacted so that it does not obviously reference the defendant.

The government has not submitted the post-arrest statement of the co-defendant with the proposed redactions for the court's review. The government should submit the post-arrest statement to the court with the proposed redactions so that the court can determine whether the proposed redactions negate any Bruton problem. Such proposed redactions must be provided to the court on or before August 31, 2006.

The government further asserts that the defendant's motion for severance should be denied without prejudice "to be revisited should the government's position on this evidentiary question change." (Government's Response at 8). The government provides no further elaboration. Such a response is unacceptable.

This case is scheduled for a jury trial on September 25, 2006, with a final pretrial conference set for September 21, 2006. Pretrial motions are to be resolved prior to trial and with sufficient time for review by the trial court. At this juncture, the government has had ample opportunity to decide what evidence will be presented at trial. Since the government provided no explanation for its cryptic assertion that it might revisit the issue if its position on

the Bruton issue changed, the court has no way of knowing what may trigger such a shift in position and its impact, if any, on the defendant's motion.

Accordingly, the court will reserve ruling on the defendant's motion pending a review of the government's proposed redactions of any statement of a co-defendant implicating the defendant. The government also must provide further elaboration on its statement regarding a possible change in its position on the Bruton issue. Given the pending trial date, such information is to be provided to the court by August 31, 2006.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the portions of defendant Fernando Adame's motion to sever his trial from that of his co-defendant on the grounds of antagonistic defenses and jury confusion be and hereby is **denied**. (Docket #72).

**IT IS FURTHER ORDERED** that the government shall provide a proposed redaction of the co-defendant's statement implicating the defendant and an explanation of its statement to the court about a possible change in its position on the Bruton issue no later than **August 31, 2006**. The court will reserve ruling on the Bruton issue raised by the defendant pending further review of the government's submission.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General L. R. 72.3 (E.D. Wis.), whereby written objection to any order herein or part thereof may be filed within ten days

of service of this order. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2006.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge