# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.         Case No.06-Cr-61

FERNANDO ADAME, ADELSIR BARRETO SOARES and
HUMBERTO BRANDA FILHO a/k/a HUMBERTO BRANDA,

    Defendants.

## DECISION AND ORDER
## REGARDING SEVERANCE MOTION

On June 20, 2006, the grand jury returned a second superseding indictment against defendants Fernando Adame, Adelsir Barreto Soares and Humberto Branda Filho, a/k/a Humberto Branda, charging them with various offenses. On August 7, 2006, defendant Adame filed a motion to sever his trial from the trials of his co-defendants. By order of August 25, 2006, the court denied the motion for severance, with the exception of the part of the motion based on an alleged Bruton[1] issue.

Defendant Adame alleged in his severance motion that a co-defendant gave an inculpatory statement which also implicates him. As the court noted in its decision and order, in Richardson v. Marsh, 481 U.S. 200, 211 n. 5, (1987), the Court held that the confrontation clause is not violated when a co-defendant's confession is redacted to omit any references to the defendant and the court gives a proper limiting instruction. The "replacement of defendants' names with references such as 'another person,' combined with an instruction to consider the confession only against the declarant satisfies Bruton." United States v. Gio,

---

[1] United States v. Bruton, 391 U.S. 123 (1968).

7 F.3d 1279, 1287 (7th Cir. 1993) (quoting United States v. Strickland, 935 F.2d 822, 866 [7th Cir.] cert. denied 502 U.S. 917 [1991]).

In response to the motion, the government stated that it did not expect to offer that portion of the statement of a co-defendant mentioning "Fernando . . . a Hispanic male in Chicago" and that the statement could be properly redacted. However, the government did not provide the court with the proposed post-arrest redacted statement. The court ordered the government to provide such proposed redacted statement so that the court could determine whether the proposed redactions negate any potential Bruton problem. The government has complied with the court's order.

The court has reviewed the post-arrest statement of defendant Filho and the proposed redaction. According to the government, the following sentences will be redacted from the statement:

> Once they arrived in Chicago and checked into the hotel, the passengers would call Fernando LNU. Fernando is a Hispanic male in Chicago who helped the passengers get the Wisconsin drivers licenses.

Such redaction eliminates any reference to defendant Adame and satisfies any potential Bruton issue. Accordingly, defendant Adame's motion for severance based on an alleged Bruton problem will be denied.

### **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the portion of defendant Fernando Adame's motion to sever his trial from that of his co-defendant based on an alleged Bruton problem be and hereby is **denied**. (Docket #72).

- 2 -

Case 2:06-cr-00061-JPS   Filed 09/05/06   Page 2 of 3   Document 86

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General L. R. 72.3 (E.D. Wis.), whereby written objection to any order herein or part thereof may be filed within ten days of service of this order. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 5th day of September, 2006.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge